# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

GARY GEORGE ENGMAN,

Debtor.

Case No. A04-01026-DMD
Chapter 13

Filed On 5/16/05

## MEMORANDUM REGARDING PLAN CONFIRMATION
## AND RELIEF FROM STAY

Gary Engman and Carol Lohman lived together from the spring of 1998 to June of 2001. Engman initiated a quiet title action in 2001 against Lohman regarding a home they had purchased as co-tenants and used as a residence.[1] Engman filed for Chapter 7 relief on October 15, 2002. His discharge was entered January 17, 2003. Carol Lohman was not listed as a creditor. Rather, Engman claimed to be a creditor of Lohman and listed his quiet title action against Lohman as an exempt asset. Engman lost the quiet title suit. Lohman was found to own a fifty percent interest in the home. On November 25th, 2003, Superior Court Judge Morgan Christen required Engman to sell the property and split the net proceeds or refinance and pay Lohman $42,773.00. Engman did nothing. Morgan Christen later awarded Ms. Lohman a judgment in excess of $74,000.00 on July 1, 2004. Engman filed for Chapter 13 relief on September 23, 2004, just twenty months after his Chapter 7 discharge.

After the Chapter 13 filing, attorney James Szender appeared on behalf of Ms. Lohman. He filed a secured claim on her behalf for $74,507.48, objected to the debtor's plan

---

[1] *Gary G. Engman v. Carol Lohman*, Case No. 3AN-01-8307 Civil, In the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

and sought relief from stay. Szender made an appearance at an April 12, 2005 confirmation hearing. The parties agreed to a consolidated hearing on May 12, 2005 at 11:00 a.m. The court was to hear both the contested confirmation and the motion for relief from stay at that time. Szender failed to appear at the hearing and did not answer his phone when called by the court.

The court will take judicial notice of the meticulous 35 page decision, findings of fact, conclusions of law and order entered by Judge Morgan Christen on November 25, 2003. That decision is *res judicata* and binding on Mr. Engman. Ms. Lohman's adjudicated interest in the real property cannot be avoided simply by filing a Chapter 13 petition. The filing illustrates the rancor and ill-will existing between the parties. This Chapter 13 is simply a clumsy attempt by Engman to further avoid that decision and avail himself of the automatic stay again. The stay will be terminated and the plan will be denied confirmation.[2]

DATED: May 16, 2005.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Johansen, Esq.
         J. Szender, Esq.
         Hon. Morgan Christen
         L. Compton, Trustee
         U. S. Trustee
              5/16/05

---

[2] *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1985).

2